# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CLARENCE M. RICHARDS** | * |
| Petitioner | * |
| v. | * Civil No. **PJM 17-1779** |
| | * *Related to Crim. No. PJM 11-0148* |
| **UNITED STATES OF AMERICA** | * |
| Respondent | * |

## MEMORANDUM OPINION

Petitioner Clarence M. Richards, through counsel, has filed a Motion to Vacate and Set Aside his Sentence under 28 U.S.C. § 2255. ECF No. 45. He seeks an order vacating his sentence on the basis that he was denied effective assistance of counsel. The Government agrees that Richards is entitled to relief but maintains that a § 2255 Motion is the inappropriate vehicle under the circumstances of this case. ECF No. 57.

The Court has considered the Motion and the Government's response. For the reasons that follow, the Court will **AMEND** the Judgment and Commitment Order (ECF No. 35) to reflect that the Court's sentence as to Count Three, 38 months' imprisonment, is to run concurrently with Richards' state sentence. Otherwise, his Motion to Vacate (ECF No. 45) is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 2010, Richards engaged in conduct that resulted in several state charges, including assault, kidnapping, and use of a handgun in a crime of violence. *See State v. Richards*, No. CT-10-14199B (Md. Cir. Ct. P.G. Cty.) ("state case"). A warrant was issued for

Richards' arrest on these charges and he was eventually located by the U.S. Marshals on October 8, 2010. At that time, he was found to be in possession of phencyclidine as well as a handgun. As a result, Richards was indicted in federal court on March 21, 2011, on four charges relating to the drugs and firearm discovered during his arrest. *See United States v. Richards*, No. 11-0148, ECF No. 1 (D. Md.) ("federal case"). Specifically, he was charged with: (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g); (2) possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k); (3) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); and (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *Id.* Because of his pending state case, Richards was placed in state custody and was not transferred into the custody of the U.S. Marshal Service.

On December 6, 2011, in the state proceeding, represented by Michael Lawlor, Esquire, Richards entered a guilty plea pursuant to a binding plea agreement to an agreed upon sentence of 20 years' imprisonment, with all but 10 years suspended.

A few months later, on February 22, 2012, before he was sentenced in state court, Richards, represented by John Chamble, Esquire, of the Federal Public Defender's Office, pled guilty in this case to Counts Three and Four of the federal indictment. ECF Nos. 15, 24. On May 18, 2012, the Court sentenced him to 38 months of imprisonment on Count Three, and 60 months of imprisonment, to run consecutively, on Count Four, resulting in a total sentence of 98 months of imprisonment. The Court's judgment made no mention of the relationship between its sentence and the forthcoming sentence in state court. ECF No. 35.

A week later, on May 25, 2012, Judge Mittelstaedt of Prince George's County Circuit Court sentenced Richards to a total term of 10 years' imprisonment pursuant to the binding plea

agreement. She ordered the sentence to run concurrently to the federal sentence. ECF No. 57-1, Ex. A at 5:3-5, 5:14-17.

Following Judge Mittelstaedt's sentence, Richards remained in state custody and was not transferred into federal custody until November 9, 2016, after he had satisfied his state obligation.[1] At that time, Richards first became aware that he was not going to receive any credit for his time in state custody against his federal sentence, as a result of which he faced a sentence in custody 54 months longer than he anticipated.

As a result, Richards filed the present Motion through Attorney Lawlor, who had been his attorney in the state proceeding. ECF No. 45. Richards seeks an order vacating his federal sentence on the grounds that he was denied effective assistance of counsel because counsel failed to ensure that his federal and state sentences would run concurrently. *Id.*

On August 22, 2017, before Richards' § 2255 Motion was ripe for decision, the Bureau of Prisons sent a letter to the Court indicating that Richards had requested that his federal sentence run concurrently with his state sentence. ECF No. 49-1. In response, the Court stated that, per its usual practice, the federal sentence was intended to run consecutive to any state sentence. ECF No. 49.

However, on November 2, 2017, the Government filed its response to Richards' Motion. In it, the Government agreed that Richards is entitled to some form of relief, but maintains that he has not satisfied the requisite standard for an ineffective assistance of counsel claim under § 2255. ECF No. 57.

---

[1] Richards received a sentence of 10 years' imprisonment in the state case but was discharged after approximately 6 years and one month.

## II.     LEGAL STANDARD

Ineffective assistance of counsel claims are governed by the two-part test first set forth by the Supreme Court in *Strickland v. Washington*, which provides that:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984).

These two elements are typically referred to as the "performance" and "prejudice" prongs. *See Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). Since a petitioner bears the burden of proving both *Strickland* elements, he fails to satisfy his overall burden if he fails to prove either. *Id.* Accordingly, the Court may properly begin its analysis with either the performance or the prejudice prong.

To show deficient performance, the defendant must prove that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. The objective standard of reasonableness is evaluated under "prevailing professional norms." *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Strickland*, 466 U.S. at 688). Reasonableness must be evaluated "within the context of the circumstances at the time of the alleged errors." *Sexton*, 163 F.3d at 882 (citing *Strickland*, 466 U.S. at 690). In assessing the first prong, the reviewing court operates on the presumption that counsel's performance was not deficient but instead falls within the broad scope of reasonable assistance. *See id.* (citing *Strickland*, 466 U.S. at 688).

In order to satisfy the prejudice prong, the defendant must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id*. However, a defendant need not go so far as to establish that "counsel's deficient conduct more likely than not altered the outcome of the case." *United States v. Rangel*, 781 F.3d 736, 742 (4th Cir. 2015) (quoting *Strickland*, 466 U.S. at 693).

### III. ANALYSIS

Richards asserts that he satisfies both of the *Strickland* prongs. First, he argues that both his state and federal trial counsels' performance was deficient in that they failed to communicate about the two plea agreements and the importance of having him moved to federal custody after the imposition of the state court sentence. ECF No. 46 at 6-7. He claims counsel should have had him transferred into federal custody after May 9, 2012, but failed to do so. *Id.*

As for the prejudice prong, Richards says this failure resulted in him receiving a sentence 54 months longer than he anticipated. He points out that he pled guilty in the state case pursuant to a binding plea agreement, but says he did this on the advice of his counsel, who assured him that he would serve concurrent state and federal sentences. *Id*. In consequence, because counsel failed to have him transferred to federal custody, he stands to spend an additional 54 months of his life in custody. *Id.* at 8.

The Government concedes that Richards has likely made the necessary showing that the performance of (presumably) his state court counsel was deficient. ECF No. 57 at 4 (citing *Brown v. Kentucky Parole Board*, 490 F. App'x 693, 697 (6th Cir. 2012) (ineffective assistance of counsel where attorney did not advise defendant of risk that his sentences could be imposed

consecutively)). But, says the Government, Richards has not satisfied the prejudice prong of *Strickland*. Specifically, the Government cites case law where courts in this Circuit have declined to find prejudice in light of a defendant's proper Rule 11 inquiry. *Id.* at 5 (citing *Hunter v. United States*, 2017 WL 2225353, at 4 (W.D.N.C. May 19, 2017)). Further, the Government points out, Richards cannot show that he is entitled to fully concurrent sentences in light of the statutory language of 18 U.S.C. § 924(c).

The Court agrees that Richards fails to satisfy the prejudice prong of *Strickland* to the extent he argues he is entitled to fully concurrent state and federal sentences.[2] As the Court stated in its August 25, 2017, letter to the Bureau of Prisons, "it has been [the Court's practice] for 24 years to impose consecutive sentences for separate and distinct crimes, as Mr. Richards completed here." ECF No. 49. Moreover, even if the Court were inclined to impose a fully concurrent sentence, it has no authority to do so under § 924(c), which provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(1)(D)(ii); *see also United States v. Gonzales*, 520 U.S. 1, 11 (1997) ("[W]e hold that the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal.").

That said, the Court believes that it would be a manifest injustice, given the circumstances, to deny Richards all relief. Indeed, the record in the state proceeding makes clear that Judge Mittelstaedt intended her sentence to run concurrently to the federal sentence. *See* ECF No. 57-1, Ex. A at 5:3-5, 5:14-17. Additionally, not only does Richards' counsel admit that

---

[2] Though it appears that Richards' counsel's performance arguably fell below the constitutional minimum, the Court need not engage in the performance analysis. *See Fields,* 956 F.2d at 1297 ("If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong.").

he misinformed Richards with regard to the length of his sentence; he also indicates that he did not realize his error until Richards was transferred to federal custody after the entirety of the state sentence had been served. Thus, through no fault of his own, Richards is barred from filing a habeas petition with regard to his state sentence. The Government itself concedes it never intended that Richards' sentences run consecutively. ECF No. 57 at 7.

Accordingly, in the interests of justice, the Court will **AMEND** its Judgment in the present case to reflect that Count Three (possession with intent to distribute a controlled substance)—the only count as to which the Court has authority to impose a concurrent sentence—will run concurrently with Richards' state sentence. The Court will recommend to the Bureau of Prisons that, *nunc pro tunc*, it correct the record to indicate that Richards' federal sentence began on May 18, 2012,[3] which would reduce his overall federal sentence by 38 months. *See Edwards v. Perdue*, 2015 WL 2354702, at *3 (N.D.W. Va. Apr. 30, 2015) ("A *nunc pro tunc* designation may be made where a federal court orders its sentence to run concurrently with a previously imposed state sentence. In that case, the BOP designates a state facility as the place where the inmate serves his federal sentence."), *aff'd* 613 F. App'x 276 (4th Cir. 2015) (citing *United States v. Evans,* 159 F.3d 908, 911–912 (4th Cir. 1988)).

## IV. CONCLUSION

For the foregoing reasons, Richards' Motion to Vacate is **DENIED.** However, the Court will **AMEND** the Judgment and Commitment Order to reflect its sentence of 38 months' imprisonment as to Count Three is to run concurrently with Richards' state sentence.

---

[3] A federal sentence may commence prior to the date when the Attorney General gains physical custody of the defendant. 18 U.S.C. § 3621(b). This can occur when the Bureau of Prisons designates a state facility as the facility in which the prisoner is confined. *See id.*; *Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005). Such a designation can even be effectuated retroactively by virtue of a *nunc pro tunc* designation.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March 29, 2018**